UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER PLASTER, individually and on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 1:20-cv-01403-DAP |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiff, | ) ) | |
| | ) | **JOINT MOTION FOR APPROVAL** |
| vs. | ) | **OF SETTLEMENT AND** |
| | ) | **STIPULATION OF DISMISSAL WITH** |
| COVERT MANUFACTURING, INC., | ) | **PREJUDICE** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Parties respectfully move this Honorable Court to review the Parties' Joint Stipulation of Settlement and Release (the "Settlement") and for an Order approving the Settlement as fair and reasonable. In support of this motion, the Parties state:

1. Representative Christopher Plaster commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

2. On June 25, 2020, Plaintiff Christopher Plaster filed his Complaint against Defendant Covert Manufacturing, Inc. as a result of Defendant's alleged failure to pay Plaintiff and similarly situated employees for all time worked and overtime compensation at the rate of one and one-half times the regular rate of pay for all of the hours worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.  (ECF No. 1.)

3. Specifically, Plaintiff alleged that he and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) changing into and out of personal protective equipment including but not limited to earplugs and gloves; b) getting tools and equipment that were necessary to perform their manufacturing work; c) walking

to their assigned area of the manufacturing floor; d) speaking to employees on the previous shift; and/or e) performing their manufacturing work. (*Id.*)

4. On August 31, 2020, the Parties filed their Joint Stipulation to Conditional Certification and Notice, stipulating to the following class:

> All former and current manufacturing employees of Covert Manufacturing, Inc., including those performing the same and/or substantially similar job duties and/or responsibilities for Covert Manufacturing, Inc. between August 3, 2017 and the present.

(ECF No. 15.)

5. On September 1, 2020, this Court approved the Parties' Joint Stipulation to Conditional Certification and Notice. (ECF No. 16.)

6. On October 1, 2020, the Notice was mailed to potential class members, and the Notice Period closed on November 2, 2020. (Exhibit 2, Declaration of Chastity L. Christy, ¶ 23.)

7. In addition to Representative Plaintiff Christopher Plaster, 28 potential class members opted in as Opt-In Plaintiffs who will participate in the Settlement (collectively "Plaintiffs"). (*Id.* at ¶ 24.)

8. Between August 2020 and January 2021, the Parties exchanged information and engaged in numerous telephone discussions regarding the calculation of damages and potential resolution. (*Id.* at ¶¶ 25-26.)

9. Between January 14, 2021 and February 5, 2021, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions. (*Id.* at ¶ 27.)

10. On February 5, 2021, with the assistance of this Honorable Court during a mediation, in effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of

Settlement and Release attached as Exhibit 1. (*Id.* at ¶ 28.)

11. The Parties engaged in substantial investigation and formal and informal discovery prior to negotiating the Settlement. (*Id.* at ¶ 18.) Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate Complaint for the Court and Defendant. (*Id.*)

12. The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Representative Plaintiff's and Opt-In Party Plaintiffs' overtime damages. (*Id.* at ¶ 19.)

13. The Parties engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties. (*Id.* at ¶ 20.)

14. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA. (*Id.* at ¶ 29.)

15. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willfully and has a good faith defense. (*Id*. at ¶ 30.)

16. The Settlement covers Representative Plaintiff and the 28 Opt-In Plaintiffs, who opted into the Action and consented to be bound by any settlement reached by the Parties. (*Id*. at ¶ 24.) Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the opt-ins already consented to Christopher Plaster as the Representative Plaintiff and to be bound by any settlement

3

and/or judgement in this case, no fairness hearing is required or requested by the Parties.[1]

17. Plaintiffs' Individual Payments are based proportionally on each Plaintiffs' overtime damages during the Released Period. (*Id.* at ¶ 37.)

18. Between June 26, 2017 and August 6, 2020, Plaintiffs were allegedly denied approximately $33,912.79 in overtime compensation for all of the pre-shift and post-shift work, meal periods during which they performed work, and the shift differential overtime compensation, based on the time punch records produced by Defendant. (*Id.* at ¶ 35.)

19. The Settlement Agreement provides that Thirty-Three Thousand Nine Hundred Twelve Dollars and Seventy-Nine Cents ($33,912.79) will be paid to Representative Plaintiff and Opt-In Party Plaintiffs for overtime compensation over the three-year statute of limitations period. As such, pursuant to the Settlement, each Plaintiff will receive 100% of their owed overtime compensation. (*Id.* at ¶ 36.)

20. Plaintiffs' counsel Chastity L. Christy believes that the proposed Settlement is in the best interests of Plaintiffs and the Opt-In Party Plaintiffs. (*See* Exhibit 2.)

21. The proposed Settlement is contingent upon the Court's review and approval of it and issuance of an Order approving the Settlement as fair and reasonable.

22. The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice. Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs. The

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzer Enterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

WHEREFORE, the Parties request that the Court review the Settlement and issue an Order (*see* Exhibit 3) approving it as fair and reasonable, and that this case be stipulated as dismissed with prejudice.

Respectfully submitted,

| | |
|---|---|
| /s/ Chastity L. Christy | /s/ Barry Y. Freeman |
| Chastity L. Christy (0076977) | Barry Y. Freeman (0062040) |
| Anthony J. Lazzaro (0077962) | Roetzel & Andress, LPA |
| Lori M. Griffin (0085241) | One Cleveland Center |
| The Lazzaro Law Firm, LLC | 1375 East Ninth Street, 10th Floor |
| The Heritage Building, Suite 250 | Cleveland, Ohio 44114 |
| 34555 Chagrin Boulevard | Phone: 216-615-4850 |
| Moreland Hills, Ohio 44022 | Facsimile: 216-623-0134 |
| Phone: 216-696-5000 | bfreeman@ralaw.com |
| Facsimile: 216-696-7005 | |
| anthony@lazzarolawfirm.com | Attorney for Defendant |
| chastity@lazzarolawfirm.com | |
| lori@lazzarolawfirm.com | |
| | |
| Attorneys for Plaintiff | |