UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PLASTER, individually and on behalf of himself and all others similarly situated, | CASE NO. 1:20-cv-01403-DAP |
| | JUDGE DAN AARON POLSTER |
| Plaintiff, | |
| vs. | **ORDER OF DISMISSAL AND APPROVING SETTLEMENT** |
| COVERT MANUFACTURING, INC., | |
| Defendant. | |

THIS CAUSE having come before the court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement"), and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On June 25, 2020, Plaintiff Christopher Plaster filed his Complaint against Defendant Covert Manufacturing, Inc. as a result of Defendant's alleged failure to pay Plaintiff and similarly situated employees for all time worked and overtime compensation at the rate of one and one-half times the regular rate of pay for all of the hours worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. (ECF No. 1.)

2. Specifically, Plaintiff alleged that he and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) changing into and out of personal protective equipment including but not limited to earplugs and gloves; b) getting tools and equipment that were necessary to perform their manufacturing work; c) walking

to their assigned area of the manufacturing floor; d) speaking to employees on the previous shift; and/or e) performing their manufacturing work. (*Id*.)

3. On August 31, 2020, the Parties filed their Joint Stipulation to Conditional Certification and Notice, stipulating to the following class:

> All former and current manufacturing employees of Covert Manufacturing, Inc., including those performing the same and/or substantially similar job duties and/or responsibilities for Covert Manufacturing, Inc. between August 3, 2017 and the present.

(ECF No. 15.)

4. On September 1, 2020, this Court approved the Parties' Joint Stipulation to Conditional Certification and Notice. (ECF No. 16.)

5. On October 1, 2020, the Notice was mailed to potential class members, and the Notice Period closed on November 2, 2020. (Declaration of Chastity L. Christy, ¶ 23.)

6. In addition to Representative Plaintiff Christopher Plaster, 28 potential class members opted in as Opt-In Plaintiffs who will participate in the Settlement (collectively "Plaintiffs"). (*Id.* at ¶ 24.)

7. The Parties stipulate to this Court that they engaged in substantial investigation and discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and Defendant's defenses.

8. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Plaintiff's and Opt-In Party Plaintiffs' overtime damages.

9. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties.

10. Between August 2020 and January 2021, the Parties exchanged information and engaged in numerous telephone discussions regarding the calculation of damages and potential resolution.

11. Between January 14, 2021 and February 5, 2021, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions.

12. On February 5, 2021, during a mediation with this Court, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1

13. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

14. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willfully and has a good faith defense.

15. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

16. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act and OMFWSA.

17. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

18. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provided by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this 19th day of February, 2021.

_____
HONORABLE JUDGE DAN AARON POLSTER